WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Malcolm Emory; Western Cherokee Longhair Tribe,<br><br>Plaintiffs,<br><br>v.<br><br>Phoenix; City of; Aaron J Carreon Ainsa; Elizabeth A Suggs; R.K. Gavin; Unknown Parties,<br><br>Defendants. | No. CV-13-02580-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss (Doc. 6) filed by Defendants City of Phoenix, Aaron Carreon-Ainsa, Elizabeth Suggs, and R.K. Gavin. For the following reasons the Motion is granted.

## BACKGROUND

Plaintiffs filed their Complaint (Doc. 1) on December 18, 2013. The Complaint concerns a piece of property that Plaintiffs claim is owned by "The Western Cherokee Longhair Trial Land Trust" and is located "within the city of Phoenix, but not part of the city of Phoenix." (*Id.* at 1.) Plaintiffs claim the land is a "tribal enrollment office and a private residence." (*Id.*) They claim the property is "borderland and therefore the U.S. District Court should have jurisdiction over this matter." (*Id.*) Plaintiffs seek relief from the city of Phoenix and its name and unnamed agents for trespassing, harassing, and violation of other unspecified rights including "tribal rights guaranteed under the Treaty of Hopewell and other treaties as well as federal law." (*Id.*)

On December 19, 2013, the Court issued an order requiring that "the parties must meet and confer prior to the filing of a motion to dismiss" and that "motions to dismiss must contain a certification of conferral indicating that the parties have conferred to determine whether an amendment could cure a deficient pleading." (Doc. 3 at 1.) On January 7, 2014, Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction. On the same day, the Court issued an order (Doc. 7) reaffirming the Court's previous order requiring the parties to meet and confer before filing a motion to dismiss. The Court's January 7 order also gave the specific requirement that Defendants take the steps to meet and confer set forth in the initial order within seven days. (*Id*.) On January 13, 2014, Defendants filed the Declaration of Robert Hyde Regarding Conferral on Defendants' Motion to Dismiss (Doc. 8). The Declaration stated that Mr. Hyde, an attorney for the City of Phoenix, had made multiple attempts to contact Plaintiff Malcolm Emory using the telephone number and address listed on the Complaint. (Doc. 8 at ¶ 3-11.) Mr. Hyde also declared that he left multiple voice messages detailing the reason for the call and his contact information on the 2nd, 3rd, and 7th of January, 2014. (*Id*. at ¶ 3, 4, 7.) After no response, Defendants filed the Motion to Dismiss (Doc. 6) on January 7, 2014. The Declaration also stated that continued attempts to reach Mr. Emory resulted in the following message: "At the subscriber's request, this phone does not accept incoming calls. Message NV86158." (*Id*. at ¶ 9.) Mr. Hyde's Declaration stated he received no response from Mr. Emory at all. (*Id*. at ¶ 11.)

On February 14, 2014, the Court issued an order stating that "an opposing party to a motion to dismiss for lack of jurisdiction 'may, unless otherwise ordered by the Court, have thirty (30) days after service within which to serve and file a responsive memorandum in opposition.'" (Doc. 9 at 1.) The Court then ordered "that Plaintiffs file and serve a responsive memorandum to Defendants' Motion (Doc. 6) before 5:00 p.m. on February 28, 2014." (*Id*. at 2.) If not, "the Court may consider such failure to respond as consent to the granting of the motion. This could result in the dismissal of Plaintiffs' claim(s)." (*Id*.) The deadline set by the Court has now passed with no response from

- 2 -

Plaintiffs.

## DISCUSSION

Local Rule of Civil Procedure 7.2 provides that an unrepresented party's failure to respond to a motion "may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). Federal Rule of Civil Procedure 60(b)(1) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect." However, "mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). This Circuit has made clear that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *see Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (pro se litigants should not be treated more favorably than parties represented by attorneys); *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (pro se litigants are subject to the same good faith limitations imposed on lawyers). Plaintiff's failure to respond to Defendants' Motion to Dismiss and the Court's order are sufficient grounds for dismissal. Nevertheless, the Motion to Dismiss is also well taken.

In their Complaint, Plaintiffs claim that jurisdiction is proper in U.S. District Court because the property at issue "is borderland," though it is allegedly located "within the city of Phoenix, but not part of the city of Phoenix." (Doc. 1 at 1.) Though Plaintiffs do not cite authority for this grant of subject matter jurisdiction, it appears to be based on 28 U.S.C. § 1362:

> The district courts shall have original jurisdiction of all civil actions, brought by any Indian tribe or band with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States.

However, the Western Cherokee Longhair Tribe is not among the list of 566 tribal entities recognized by the Department of Interior. 78 FR 26384-02. As is clear from the

1  statute, Section 1362 only applies to tribes "duly recognized by the Secretary of the
2  Interior." *See Price v. State of Hawaii*, 764 F.2d 623, 626 (9th Cir. 1985), *cert. denied*,
3  474 U.S. 1055 (1986) ("Because neither the [tribe] nor their governing body have been
4  'duly recognized' by the Secretary, they do not qualify for § 1362 jurisdiction even if we
5  assume that they are an 'Indian tribe or band.'").  Section 1362 is therefore not an
6  appropriate ground for subject matter jurisdiction in this matter.

7  There also appears to be no diversity jurisdiction as Plaintiff Emory and all
8  Defendants are residents of the state of Arizona, thus defeating complete diversity under
9  28 U.S.C. § 1332(a)(1).

10  While Plaintiffs' failure to respond to Defendants' Motion to Dismiss and the
11  Court's order are sufficient grounds for dismissal, there is no subject matter jurisdiction
12  to allow the Court to hear this case.

13  Therefore,

14  **IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 6) is granted.

15  **IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this
16  action and enter judgment accordingly.

17  Dated this 20th day of March, 2014.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge